1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ZANE HUBBARD, | ) Case No.: 1:15-cv-01441-JLT |
| Petitioner, | ) |
| | ) FINDINGS AND RECOMMENDATIONS TO |
| | ) DISMISS PETITION FOR WRIT OF HABEAS |
| v. | ) CORPUS AS FRIVOLOUS (Doc. 1) |
| | ) |
| CHARLES PHILIP ARTHUR GEORGE, | ) ORDER DIRECTING THAT OBJECTIONS BE |
| | ) FILED WITHIN TWENTY-ONE DAYS |
| Respondent. | ) |
| | ) ORDER DIRECTING THE CLERK OF THE |
| | ) COURT TO ASSIGN A DISTRICT JUDGE TO |
| | ) THE CASE |

In this action, Petitioner asserts violations of the Maryland Toleration Act of 1649 and the Coercive Acts of 1774, among other claims, and names Prince Charles and Queen Elizabeth II of Great Britain and Pope Francis, as respondents. The claims are utterly without any legal or factual basis and, therefore, should be **DISMISSED** as frivolous.

**I.   DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition...that the petition is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...."

1

Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th cir. 1990).  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) *(quoting* Blackkledge v. Allison, 431 U.S. 63, 75-76 (1977)).  Under § 2243, it is the duty of the Court to screen out frivolous applications and to eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.  Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970); see Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

Habeas corpus petitions must meet heightened pleading requirements.  McFarland v. Scott, 512 U.S. 849, 856 (1994); Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).  The petitioner shall set forth in summary form the facts supporting each of the grounds specified and shall state the relief requested.  Rule 4 of the Rules Governing Section 2254 Cases.  As mentioned above, a petition may be dismissed if the factual allegations are so palpably incredible or so patently frivolous or false as to warrant summary dismissal.  Blackledge, 431 U.S. at 78.  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-1228 (9th Cir. 1984).  The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, whether inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.  The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

Petitioner's claims should be denied as patently frivolous   Ground one in the petition lists violations of the Maryland Toleration Act of 1649 and the Coercive Acts of 1774.  (Doc. 1, p. 6).

Among others, Petitioner lists Prince Charles and Queen Elizabeth II of Great Britain, and Pope Francis, as respondents.  Leaving aside the issue of whether habeas jurisdiction can be predicated upon British laws the pre-existed the formation of the United States, the claim is utterly without any legal or factual basis.

Ground two alleges "treason and levy against the United States," and is also directed against the Prince of Wales, Great Britain.  Again, the claim makes no sense and is patently frivolous.  Ground three alleges that Petitioner's "criminal record" is "unconstitutional," and "is not grounds for sterilization or asexualization or any form of corporal punishment."  (Doc. 1, p. 28).  To the extent that it is intelligible, it appears to allude to conditions of Petitioner's confinement, not to the fact or duration of his confinement, as required for habeas jurisdiction.  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S. Ct. 1827 (1973); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003)("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence"); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

Ground four contends that Petitioner has been subjected to cruel and unusual punishment, in violation of the Eighth Amendment, based on discrimination against him on religious grounds by prison personnel.  (Doc. 1, p. 47).  However, Petitioner fails to present any details of such persecution.

Petitioner avers that, unless he is provided with an attorney, he does "not wish to proceed with this proceeding…."  (Doc. 1, p. 50).  Petitioner contends that he is unable to undertake legal research or retain a private attorney because of the "conditions of confinement."  (Id.).  As relief, Petitioner requests a new criminal trial, as well as damages in the amount of $1.5 billion.  (Doc. 1, p. 57).  Petitioner also requests a "name change" under California law, apparently to "Emiliano Zapata Satan." (Id., p. 11; p. 57).

As mentioned, a claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke, 490 U.S. at 325; Franklin v. Murphy, 745 F.2d at 1227-1228.  Here, Petitioner does not allege any claims that are cognizable under federal habeas corpus law, nor does he provide more than bare notice pleading, i.e., none of the claims are supported by specific factual allegations.  Rather,

1  Petitioner makes wildly frivolous allegations that are completely without any supporting evidence or

2  factual details.  All of the claims in the petition are entirely conclusory.

3       In sum, the petition is absurd on its face and utterly without any legal basis in federal habeas

4  law.  The Court has pending before it at this time many legitimate habeas petitions from petitioners

5  who are raising colorable and arguable federal constitutional claims.  To further entertain Petitioner's

6  patently frivolous contentions would do a disservice both to the federal courts as well as to those

7  petitioners who are forced to wait for decisions in their cases while the Court addresses meritless claims

8  such as those raised in the instant petition.[1]

9                                      **ORDER**

10      For the foregoing reasons, the Court HEREBY DIRECTS the Clerk of the Court to assign this

11 case to a United States District Judge.

12                               **RECOMMENDATION**

13      Accordingly, the Court **RECOMMENDS** that the Petition for Writ of Habeas Corpus (Doc. 1),

14 be **DENIED** as frivolous.

15      This Findings and Recommendation is submitted to the United States District Court Judge

16 assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local

17 Rules of Practice for the United States District Court, Eastern District of California.  **Within 21 days**

18 after being served with a copy of this Findings and Recommendation, any party may file written

19 objections with the Court and serve a copy on all parties.  Such a document should be captioned

20

21 _____

[1] Currently, in addition to this matter, Petitioner has at least four active habeas petitions in this Court (case numbers: 1:13-
22 cv-01758-LJO-JLT; 1:14-cv-00318-AWI-SMS; 1:15-cv-01138-LJO-MJS; 1:15-cv-01192-AWI-JLT).  Also, he has filed
   17 habeas petitions since 2013 that have been closed. (Case numbers: 1:13-cv-01789-SKO; 1:13-cv-02069-LJO-MJS;
23 1:13-cv-02099-RJT; 1:14-cv-00043-LJO-GSA; 1:14-cv-00318-AWI-SMS; 1:14-cv-00328-AWI-BAM; 1:14-cv-00345-
   LJO-SAB; 1:14-cv-00360-LJO-SMS; 1:14-cv-00467-AWI-SAB; 1:14-cv-00509-LJO-SAB; 1:14-cv-00510-LJO-GSA;
24 1:14-cv-00597-LJO-GSA; 1:15-cv-00269-AWI-JLT; 1:15-cv-00741-LJO-MJS; 2:13-cv-01254-EFB; 2:13-cv-02215-AC).
   As well, he has filed 29 cases since 2013 complaining about the conditions of his confinement.  Of these, two remain
25 active (case numbers:1:13-cv-00762-DLB; 1:14-cv-00041-AWI-SAB) and the rest have been closed. (case numbers: 1:13-
   cv-00726-LJO-DLB; 1:13-cv-00761-MJS; 1:13-cv-01056-AWI-BAM; 1:13-cv-01078-LJO-MJS; 1:13-cv-01511-AWI-
26 MJS; 1:13-cv-01736-AWI-MJS; 1:13-cv-01755-MJS; 1:14-cv-00042-AWI-JLT; 1:14-cv-00274-LJO-GSA; 1:14-cv-
   00275-LJO-MJS; 1:14-cv-00278-AWI-SAB; 1:14-cv-00351-LJO-SAB; 1:14-cv-00361-AWI-GSA; 1:14-cv-00748-DLB;
27 1:14-cv-00874-AWI-BAM; 1:14-cv-00905-AWI-GSA; 1:14-cv-01439-AWI-SKO; 1:14-cv-01560-LJO-MJS; 1:15-cv-
   00344-AWI-DLB; 1:15-cv-01181-AWI-GSA; 1:15-cv-01182-LJO-GSA; 1:15-cv-01245-LJO-DLB; 2:13-cv-02212-CKD;
28 2:13-cv-02214-AC; 2:15-cv-00024-EFB; 2:15-cv-00025-MCE-AC; 1:15-cv-01245-LJO-DLB.)  Hence, it can hardly be
   argued that Petitioner has not had fair access to the federal courts while incarcerated.

1  "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be

2  served and filed **within ten days** (plus three days if served by mail) after service of the Objections.

3  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The

4  parties are advised that failure to file objections within the specified time may waive the right to appeal

5  the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

6

7  IT IS SO ORDERED.

8      Dated:   **September 29, 2015**            **/s/ Jennifer L. Thurston**

9                                          UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28